# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re:   Parent Support Network of Rhode Island, Inc, <br> Debtor | BK No.: 25-10775 <br> Chapter 11, Subchapter V |

### ORDER OVERRULING THE DEBTOR-IN-POSSESSION'S OBJECTION TO CLAIM AND SETTING DEADLINE TO FILE A MOTION TO RECONSIDER, AFFIDAVIT, AND REQUEST FOR EVIDENTIARY HEARING
**(Doc. ## 74, 99, 141)**

The Objection to Claim (Doc. #74) is overruled.  As stated on the record, the Debtor did not proffer sufficient evidence to overcome the presumption of validity of the City of Warwick's claim under Federal Rule of Bankruptcy Procedure 3001(f).  While the Debtor stated that it was unaware of either any tax return that it filed for tangible property or any tax bill due and owing for the period claimed, it was not able to search diligently because of a recent move.  The Debtor acknowledged that, if the claimed taxes were properly timely assessed as stated in the proof of claim, 11 U.S.C. § 505(a)(2)(C) would apply to limit the Court from determining the objection.

The filing of a proof of claim and the allowance of such claim are governed by 11 U.S.C. §§ 501 and 502.  "A proof of claim signed and filed in accordance with [the Federal Rules of Bankruptcy Procedure] is prima facie evidence of the claim's validity and amount."  Fed. R. Bankr. P. 3001(f).  The Trustee may object to a proof of claim pursuant to § 502(a), and the court "shall allow" a claim unless one of the nine exceptions enumerated in § 502(b) applies.  *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 502–03 (B.A.P. 1st Cir. 2009).  "In order to rebut the prima facie evidence a proper proof of claim provides, the objecting party must produce 'substantial evidence' in opposition to it."  *Am. Express Bank, FSB v. Askenaizer (In re Plourde)*, 418 B.R. 495, 504 (B.A.P. 1st Cir. 2009) (citing *In re Long*, 353 B.R. 1, 13 (Bankr. D. Mass. 2006)).  If the evidence proffered by the objecting party is substantial, the

burden shifts to the claimant to prove its claim by a preponderance of the evidence. *See Tracey v. U.S. (In re Tracey)*, 394 B.R. 635, 639 (B.A.P. 1st Cir. 2008) (citing *In re Organogenesis, Inc.*, 316 B.R. 574, 583 (Bankr. D. Mass. 2004)).

The Debtor offered that it could proffer additional evidence that no timely notice of assessments had been provided to the Debtor to meet its burden of producing substantial evidence rebutting the City's claim. Because of the size of the claim, in the interests of judicial economy and fairness to the parties, the Court decided to rule on the current record, but offered the Debtor the opportunity to consider whether it wished to seek to vacate this order by filing a motion to reconsider and affidavit within 14 days along with a request for an evidentiary hearing.

The Court has not reached or determined the applicability of the statutes claimed by the Debtor to exempt it from taxation.

Date: 1/14/26

Christopher J. Panos
U.S. Bankruptcy Judge